UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES -- GENERAL**

Case No. **CV 25-11869-JFW(MBKx)** Date: July 29, 2026

Title: Aleksandr Aleksandrovich Grant *-v-* AFB Trading One, Inc.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**
**Courtroom Deputy**

**None Present**
**Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING PETITIONER'S AMENDED PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS [filed 5/27/26; Docket No. 58]**

On May 27, 2026, Petitioner Aleksandr Aleksandrovich Grant, assignee and successor of Davilla Investing Limited ("Petitioner") filed an Amended Petition to Confirm Foreign Arbitral Awards ("Amended Petition"). On June 15, 2026, Respondent AFB Trading One, Inc. ("AFB") filed its Opposition. On June 19, 2026, Petitioner filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 13, 2026 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. Factual and Procedural Background[1]

Petitioner is a Russian citizen and attorney. AFB is a California corporation with its principal place of business in Beverly Hills, California. Petitioner, as the successor and assignee of original claimant Davilla Investing Limited ("Davilla"), seeks to confirm the foreign arbitral award entered in favor of Davilla and against AFB on August 31, 2021, and the amended award entered against AFB on August 15, 2025. According to Petitioner, the arbitration arose out of a dispute over a loan between Agragorn Holdings Limited and Golden Spirts Limited, and guaranteed by AFB and Golden Spinx Limited. On August 31, 2021, after conducting a multiple-day arbitration in Moscow, the Arbitrator Dmitry Valeryevich Knyazev (the "Arbitrator") issued an award in favor of Davilla in the

[1] To the extent that the Court has relied on evidence to which the parties have objected, the Court has considered and overruled those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

amount of $1,804,017.81 (the "August 31, 2021 Award"). On August 15, 2025, the Arbitrator issued an amended award in favor of Petitioner, as Davilla's successor and assignee, in the amount of $1,804,017.81, plus $962,853 in interest for the period of August 31, 2021 to August 15, 2025 (the "August 15, 2025 Award").

On December 16, 2025, Petitioner filed a Petition to Confirm Foreign Arbitral Award ("Petition"), seeking to confirm the August 31, 2021 Award and the August 15, 2025 Award against AFB. On April 21, 2026, the Court denied Petitioner's Petition with leave to amend. On May 27, 2026, Petitioner filed his Amended Petition to Confirm Foreign Arbitral Award ("Amended Petition").

## II. Legal Standard

Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (incorporated by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208) (the "New York Convention"), a party may petition a district court to confirm a foreign arbitral award. 9 U.S.C. § 207. Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court. *See Yusuf Ahmed Alghanim & Sons v. Toys 'R' Us, Inc.*, 126 F.3d 15, 23 (2d Cir.1997). Once the award is confirmed, the judgment has the same force and effect of a judgment in a civil action and may be enforced by the means available to enforce any other judgment. *See AIG Baker Sterling Heights, LLC v. Am. Multi–Cinema, Inc.*, 579 F.3d 1268, 1273 (11th Cir.2009) (*applying* 9 U.S.C. § 13). Both the United States and the Russian Federation have ratified the Convention. *See Yukos Capital Limited v. Russian Federation,* 792 F. Supp. 3d 83 (D.D.C. 2025).

Under the New York Convention, a district court's review of a foreign arbitral award "is strictly limited." *Pacer Construction Holdings Corp. v. Pelletier*, 2020 WL 977871, at *2 (S.D. Cal. Feb. 28, 2020) (citation omitted). Article V of the New York Convention "sets out five grounds for refusal that may be raised by parties and two grounds that may be granted by the court *sua sponte*." *Changzhou AMEC Eastern Tools and Equipment Co., Ltd v. Eastern Tools & Equipment, Inc.*, 2012 WL 3106620, at *8 (C.D. Cal. Jul. 30, 2012) (citation omitted). "Respondent has the burden of establishing a defense against enforcement under the Convention because there is a strong presumption in favor of confirmation of arbitral awards." *Id.* (*citing Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010)). "The presumption in favor of confirmation is based on the goal of the Convention, which is to encourage the recognition of international arbitral agreements." *Id.* (*citing Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520, n.15 (1974)). As a result, "courts have adopted a narrow view of the defenses enumerated in the Convention." *Id.* (citation omitted). "Absent a convincing showing that one of [the] narrow exceptions applies, the arbitral award will be confirmed." *Id.* (citations omitted). In addition, "[c]ourts are bound to defer to the conclusions of the arbitrator unless the arbitrator has manifestly disregarded the law." *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982).

## III. Discussion

Petitioner seeks confirmation of the August 31, 2021 Award and the August 15, 2025 Award pursuant to the New York Convention. AFB opposes the confirmation of the arbitration awards on the grounds that Petitioner has failed to demonstrate a genuine, enforceable arbitration award issued after a fair hearing. Specifically, AFB argues that it was not given notice of either the August 31, 2021 or the August 15, 2025 proceedings, it was not given notice of the appointment of the

arbitrator, and that recognition of either of the awards is contrary to public policy. AFB also argues that Petitioner has failed to provide any transcripts, hearing minutes, or exhibit lists from either of the purported arbitrations. In addition, AFB argues that the confirmation of the August 31, 2021 Award is barred by the three-year statute of limitations.

**A. Confirmation of the August 31, 2021 Award is Barred by the Three-Year Statute of Limitations**

Under the FAA:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

In this case, it is undisputed that the August 31, 2021 Award was issued more than three years before Petitioner filed this action. Petitioner argues, without any legal support for his position, that "there is no statute of limitations question" because the August 15, 2025 Award "reopens the limitations clock under the New York Convention." Reply, 18: 1-8. The Court finds Petitioner's argument unpersuasive. Although Petitioner cites to *Continental Transfert Technique Ltd., v. Federal Government of Nigeria*, 932 F. Supp. 2d 153 (D.D.C. 2013), that case discusses whether an Order and Judgment confirming an arbitral award can be amended pursuant to Federal Rule of Civil Procedure 59(e), not whether a subsequent arbitral award can reopen the statute of limitations with respect to a prior arbitral award for purposes of the New York Convention. Beyond arguing that the statute of limitations was somehow "reopened," Petitioner fails to offer any evidence or argument supporting his position that confirmation of the August 31, 2021 Award is not barred by the three-year statute of limitations. Accordingly, the Court concludes that confirmation of the August 31, 2021 Award is barred by the three-year statute of limitations and, as a result, Petitioner's Petition is denied to the extent it seeks confirmation of the August 31, 2021 Award.

**B. Petitioner Has Failed to Demonstrate That AFB Received Notice of the August 15, 2025 Proceeding**

Under Article V(1)(b) of the New York Convention, a court may deny enforcement if "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was unable to otherwise present his case." Article V(1)(b) "essentially sanctions the application of . . . United States standards of due process." *Karaha Bodas Co., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negaral*, 364 F.3d 274, 298 (5th Cir. 2004). An arbitration hearing must meet " the minimal requirements of fairness – adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator," with the parties having had "an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 299 (quotation marks omitted). "The right to due process does not include the complete set of procedural rights guaranteed by the Federal Rules of Civil Procedure." *Id.* (footnote omitted). "This provision does not authorize a court to refuse to recognize or enforce an award unless it finds a denial of fundamental fairness in the arbitration proceedings." *Bartlit Beck LLP v. Okada*, 25 F.4th

519, 523 (7th Cir. 2022). "In other words, service must be 'reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the action and afford them an opportunity to present their objections.'" *Ma*, 2022 WL 1078867, at *2 (*quoting Mullane v. Central Hanover Bank & Trust. Co.*, 339 U.S. 306, 314 (1950)). In addition, although the respondent bears the burden of establishing a defense to enforcement, that does not "eviscerate completely the burden on [Petitioner] to present some evidence to support [an] asserted fact or legal argument." *Xuchu Dai v. Eastern Tools & Equip., Inc.*, 571 F. App'x 609, 611 (9th Cir. 2014) (affirming district court's determination) (internal citations and quotation marks omitted).

In this case, the Court concludes that Petitioner has failed to rebut AFB's showing that it was not provided with notice of the August 15, 2025 proceeding.[2] In his Amended Petition, Petitioner alleges that the August 15, 2025 Award was issued by the Arbitrator after the Arbitrator reviewed a claim filed by Petitioner. Specifically, Petitioner alleges that:

> [The Arbitrator] reviewed the further claim filed by [Petitioner] . . . seeking recovery of debt obligations under the [August 31, 2021 Award] . . . in the principal amount of US $1,807,503.80, plus interest for the period from August 31, 2021 to August 15, 2025. After due notice to all parties, including Respondents, and hearing of the matter in absentia as to Respondents (who failed to respond), the Arbitrator issued the [August 15, 2025 Award].

Amended Petition, ¶ 20. In its Opposition, AFB argues that it never received notice of the August 15, 2025 proceeding. Specifically, AFT argues that it "received no notice of this hearing . . . The [August 15, 2025 Award] provides no details as to how, when, or who served AFB. The [A]mended [P]etition provides no details or evidence except conclusory statements about 'due process and service.'" Opposition, 19:14-17; *see also* Declaration of Larisa Sabadash (Docket No. 61), ¶ 11 ("AFB was not served with any documents related to a hearing that purportedly took place on August 15, 2025. Nor was AFB served with an award that was purportedly issued on August 15, 2025. AFB did not know the August 15, 2025 award existed until January 2026 when this petition was left on the top of its mailbox."). In his Reply, Petitioner fails to provide any of the details about AFB's service regarding the August 15, 2025 proceeding or even argue that AFB was given proper notice of the August 15, 2025 proceeding. Instead, Petitioner argues that he "filed his proof of claim in [Bankruptcy] case No. 2:25-bk-11235-NB on June 2, 2025 in this District in Sabadash's own

---

[2] The Court refers to the August 15, 2025 proceeding as a "proceeding" instead of an "arbitration" because it is not clear, based on Petitioner's Amended Petition and the evidence submitted by Petitioner in support of his Amended Petition, that the August 15, 2025 proceeding was, in fact, an arbitration. In the Amended Petition, Petitioner refers to the August 15, 2025 proceeding as a "hearing." Amended Petition, 7:28. In his declaration, the Arbitrator states that the August 15, 2025 proceeding took place after Petitioner submitted to the Arbitrator "an application to modify and renew the award" and that the application "did not ask to re-evaluate or reconsider the merits of the [August 31, 2021 Award], but instead the relief requested included award [*sic*] additional relief arising from the non-payment of the debt with any accrued interest and costs, and in connection with the enforcement of an assignment of rights." Declaration of Russian Arbitrator, Dmitry Valeryevich Knyazev (Docket No. 58-4), ¶ 16. In addition, although the August 15, 2025 Award refers to the August 15, 2025 proceeding as an "arbitration," it appears that the Arbitrator simply "reviewed the statement of claim filed by" Petitioner on August 15, 2025.

bankruptcy proceeding represented by the Zorkin firm which places AFB's principal on full notice of the continued proceedings two months before the Second Award issues." Reply, 16: 14-18. However, the Proof of Claim filed in the bankruptcy proceeding only states that Petitioner claims that he is owed $2,435,410.84 (including arbitration costs and interest) for the August 31, 2021 Award. *See* Declaration of Michael Zorkin (Docket No. 60), Exh. 16. The Proof of Claim does not state that Petitioner was taking any action to modify or renew the August 31, 2021 Award before the Arbitrator. In addition, the Arbitrator's declaration fails to provide any additional information regarding notice to AFB. Instead, the Arbitrator simply states in conclusory fashion that the August 15, 2025 Award was issued after "proper and due notice to all parties" without specifying who those parties were, how they were notified, when they were notified, who notified them, or how the Arbitrator knows that the parties were notified.

Although the Court understands that a district court's review of a foreign arbitral award "is strictly limited" (*Pacer Construction,* 2020 WL 977871) and there is "a presumption in favor of confirmation" (*Changzhou*, 2012 WL 3106620), the Court cannot confirm the August 15, 2025 Award because Petitioner has failed to provide even the most basic information regarding the August 15, 2025 proceeding. *Xuchu Dai,* 571 F. App'x at 611 (holding that although the respondent bears the burden of establishing a defense to enforcement, that does not "eviscerate completely the burden on [Petitioner] to present some evidence to support [an] asserted fact or legal argument"). Accordingly, based on the record before it, the Court concludes that AFB was not given proper notice of the August 15, 2025 proceeding and, as a result, Petitioner's Amended Petition is denied to the extent it seeks confirmation of the August 15, 2025 Award. *See Linley Investments v. Jamgotchain*, 670 F. App'x 627 (9th Cir. 2016) (reviewing whether respondent was provided proper notice of arbitration proceedings); *see also Tianjin Port Free Trade Zone Int'l Trade Serv., Ltd. v. Tiancheng Int'l, Inc.*, 2018 WL 4502497 (C.D. Cal. Sept. 18, 2018) (finding notice adequate where attempts to provide notice were detailed in the arbitral award); *Ma v. Fang,* 2022 WL 1078867, at *2 (C.D. Cal Mar. 2, 2022) (finding notice at last known place of business adequate for one respondent and not the other respondent, who had left that job and moved out of the country years prior to the attempted service).

## IV. Conclusion

For all the foregoing reasons, Petitioner's Amended Petition is **DENIED**.

IT IS SO ORDERED.



Initials of Deputy Clerk sr